IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-60055
Summary Calendar
_____


CHARLES R CRAWFORD

                         Plaintiff-Appellant

          versus

     PAUL GOWDY; BILLY HUGHES; FAGIN MAUNEY; DAVID BENNETT;
     DENNIS GRISHAM; F L ROWELL; KIRK FORDICE

                         Defendants-Appellees

_____

          Appeal from the United States District Court
           for the Northern District of Mississippi
                     (4:94-CV-294-S-O)
_____
                       July 1, 1996
Before KING, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

     Charles R. Crawford, a prisoner incarcerated in the
Mississippi Department of Corrections, appeals the district
court's dismissal without prejudice of his civil rights suit
pursuant to Federal Rule of Civil Procedure 41(b) for failure to
comply with a court order and for failure to prosecute.

_____

     [*] Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

Proceeding pro se and in forma pauperis, Crawford filed a civil rights suit alleging that his living conditions at the Mississippi Department of Corrections ("MDOC") amounted to cruel and unusual punishment and violated his constitutional rights to due process, equal protection, and access to the court. Crawford sought a restraining order and monetary damages.

On June 16, 1995, a magistrate judge entered an order granting Crawford's motion to proceed in forma pauperis, and staying the action for ninety days, during which time the magistrate judge ordered Crawford to attempt in good faith to exhaust the administrative remedies available at the MDOC. The magistrate judge also ordered Crawford to "file a certificate from the Administrative Remedy Program [("ARP")] that he has exhausted his administrative remedies, or [to] file a statement that he has attempted to obtain such a certificate but has not been furnished with one, within one hundred and fifty (150) days from the date of this order." The magistrate judge warned Crawford that the action would be dismissed with prejudice if he did not "reasonably and in good faith attempt to exhaust his administrative remedies."

Crawford filed a statement with the court within ninety days of the order indicating that he had submitted a copy of the court's order and a copy of his complaint to the legal claims adjudicator requesting redress of his grievances, but that he had

not yet received a response.  Crawford indicated that he expected his complaint to be rejected by the ARP because it contained more than one issue; however, he stated that he could not file and expect to have processed separate complaints with the ARP for the twenty issues raised in his civil rights action within the ninety days allowed for exhaustion of his administrative remedies by the court's order.  He further stated that "[u]nder the present operation of the ARP Program," he was unable to obtain a certificate of completion.  The record indicates that Crawford's grievance complaint was rejected by the ARP because it included more than one grievance issue.

On December 11, 1995, the district court dismissed Crawford's suit without prejudice, pursuant to Fed. R. Civ. P. 41(b), for failure to comply with a court order and failure to prosecute.  The court stated that its earlier order had required Crawford "to exhaust the available administrative remedies of the [MDOC] within ninety (90) days," and "to file a certificate from the [ARP], with the court to show that he has exhausted the administrative remedies."  The court determined that more than 150 days had passed and that Crawford had failed to comply with the court's order; however, the court did not include reasons for its conclusion that Crawford failed to comply with the earlier order.

Clearly, Crawford made at least some attempt to comply with the earlier order, as he filed a grievance with the ARP and

3

subsequently filed a statement with the court explaining his actions. It is possible that the district court construed Crawford's doomed grievance petition as a failure to make a good faith effort to exhaust his administrative remedies. However, on this record, we cannot review the district court's order of dismissal because we cannot discern the district court's reasons for concluding that Crawford failed to comply with the earlier order.

Accordingly, we VACATE the district court's order and REMAND with instructions that the district court reconsider its order of dismissal, and that if it decides to reinstate the dismissal, it should provide reasons for its conclusion that Crawford failed to comply with its earlier order.